# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10599
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2015

Lyle W. Cayce
Clerk

TERESA WARD COOPER,

Plaintiff-Appellant

v.

DALLAS POLICE ASSOCIATION,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-2607

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Teresa Ward Cooper, a non-prisoner, pro se litigant, moves this court for leave to appeal in forma pauperis (IFP) from the district court's order granting summary judgment and dismissing her Title VII complaint alleging gender discrimination and retaliation by the Dallas Police Association (DPA). The district court denied Cooper's IFP motion and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10599

Cooper's motion for leave to proceed IFP on appeal is construed as a challenge to the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

We reject Cooper's argument that the district court should have applied equitable tolling to the limitations period because the DPA failed to notify her of the termination of her membership and the loss of associated benefits. Equitable tolling is applied only in circumstances such as when the defendant purposefully concealed facts concerning the alleged adverse action or otherwise engaged in misconduct to impede the plaintiff's filing of the discrimination charge. *Granger v. Aaron's Inc.,* 636 F.3d 708, 712 (5th Cir. 2011). Cooper admitted that she learned prior to January 26, 2009, that the DPA was not paying her counsel's fees in association with her appeal from her August 2005 termination from the Dallas Police Department. She filed the claim with the Equal Employment Opportunity Commission (EEOC) no earlier than December 23, 2009, which was not within the limitations period of 300 days after obtaining knowledge of the adverse action. *See Nat'l R.R. Passenger Corp. V. Morgan*, 536 U.S. 101, 109 (2002); *Granger*, 636 F.3d at 712. Cooper failed to carry her burden of presenting competent summary judgment evidence that the DPA misled her about her membership status after she learned of the adverse action or made any false representations concerning her entitlement to funding for her appeal of the August 2005 termination. *See McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850, 865 (5th Cir. 1993). The district court did not abuse its discretion in failing to apply

equitable tolling in the case. *Granger*, 636 F.3d at 712. The dismissal of the complaint as time barred does not raise a nonfrivolous issue on appeal. *Howard*, 707 F.2d at 220.

Nor has Cooper shown that the district court erred in its alternative holding that Cooper failed to make a prima facie showing of gender discrimination or retaliation and also failed to raise a genuine dispute of material fact concerning pretext for the DPA's actions. She has not provided any authority for her assertion that the defendant was required to file a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) based on her failure to file a timely claim. The fact that the EEOC reviewed an untimely filed claim did not preclude the dismissal of the complaint by the federal court because the federal courts must make "an independent determination" of the petitioner's compliance with Title VII filing requirements and not defer to the EEOC. *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1304 (5th Cir. 1979).

Cooper also failed to demonstrate that she was prejudiced by the district court's consideration of affidavits of individuals who were not listed as witnesses in the defendant's initial Federal Rule of Civil Procedure 26(a) disclosure. *See Tex. A. & M. Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003). Cooper failed to make a prima facie showing of gender discrimination because she presented no competent summary judgment evidence that the DPA paid the legal expenses of similarly situated individuals who were no longer members in good standing of the organization as a result of failing to pay their dues. *Septimus v. Univ. of Hous.,* 399 F.3d 601, 609 (5th Cir 2005). Further, Cooper failed to raise a genuine dispute of material fact regarding pretext because she did not present any competent summary judgment evidence showing that the DPA's legitimate nondiscriminatory reason for denying her benefits, her failure to pay dues, was untrue and merely

a pretext for discrimination. *McCoy v. City of Shreveport,* 492 F.3d 551, 562 (5th Cir. 2007).

Cooper has not briefed her argument that a prima facie case of retaliation was shown by the temporal proximity between her actions and the DPA's non-payment of legal fees. Thus, she has abandoned that claim on appeal. *Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993). Nor has Cooper made a prima facie showing of a retaliation claim based on the untruthful representations of the DPA because she failed to show that she was denied legal benefits for any reason other than the non-payment of dues to the DPA and not as a result of participation in a protected activity. *See Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).

Because Cooper has failed to raise a genuine dispute of material fact regarding the gender discrimination and retaliation claims, the district court did not err in granting the defendant's motion for summary judgment and dismissing the complaint. Cooper has not raised a nonfrivolous issue on appeal. *Howard*, 707 F.2d at 220. Cooper's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 112 F.3d at 202 n.24; 5TH CIR. R. 42.2.